AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: Southern District of Ohio |
| Name: Thomas Condon | Prisoner No. 426595 — Case No. C2 03 1180 |
| Place of Confinement: Nobel Correctional Institution, Caldwell, Ohio | 03 DEC 16 PM 3:28 U.S. DISTRICT COURT SOUTHERN DIST. OHIO EAST. DIV. COLUMBUS — JUDGE SMITH — MAGISTRATE JUDGE KEMP |
| Name of Petitioner (include name under which convicted): Thomas Condon | V. Name of Respondent (authorized person having custody of petitioner): Jeff Wolfe |

FILED JAMES BONINI CLERK

The Attorney General of the State of: Ohio

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Hamilton County Court of Common Pleas, Hamilton County, Ohio

2. Date of judgment of conviction April 16, 2002

3. Length of sentence 18 months

4. Nature of offense involved (all counts) gross abuse of a corpse (8 counts)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Ohio Court of Appeals for the First District

(b) Result conviction and sentence affirmed

(c) Date of result and citation, if known May 9, 2003, 152 Ohio App.3d 629

(d) Grounds raised First Amendment; vagueness & overbreadth; search & seizure; prosecutorial misconduct; Brady violations; insufficient evidence; sentencing

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court Ohio Supreme Court

(2) Result jurisdiction denied

(3) Date of result and citation, if known September 10, 2003, 99 Ohio St.3d 1546

(4) Grounds raised Same as direct appeal to Court of Appeals.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Hamilton County Court of Common Pleas

(2) Nature of proceeding Petition for Post Conviction Relief

(3) Grounds raised Same as direct appeal.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result Petition denied

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court Hamliton County Court of Common Pleas

(2) Nature of proceeding Motion for Leave to file a motion for new trial.

(3) Grounds raised Newly discovered evidence as to one of eight counts only.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result Motion for leave denied.

(6) Date of result July 25, 2003

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☒
(2) Second petition, etc. Yes ☐ No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
The issues raised in the post conviction petition were already presented to the Ohio Supreme Court on direct appeal. The new trial motion is presently on appeal to the Court of Appeals, but does not form the basis of this petition.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: Conviction obtained as a result of prosecutorial misconduct/due process violations.

Supporting FACTS (state *briefly* without citing cases or law) The prosecutor in this case committed misconduct in closing argument by impugning defense counsel, referring to facts not in evidence, and improperly appealing to the jurors' emotions. The prosecutor also committed misconduct by failing to disclose exculpatory evidence before or during trial and by pursuing the case against Petitioner despite an actual conflict of interests.

B. Ground two: Conviction obtained in violation of the First Amendment.

Supporting FACTS (state *briefly* without citing cases or law) Petitioner was convicted of gross abuse of a corpsefor photographing bodies in the Hamilton County Morgue. The photographs were created for artistic purposes and are therefore protected by the First Amendment.

AO 241 (Rev. 5/85)

C. Ground three: Conviction obtained in violation of Fourth Amendment search and seizure provision.

Supporting FACTS (state *briefly* without citing cases or law) The police searched Petitioner's photography studio pursuant to a warrant that was unsupported by probable cause. The police seized evidence that was later introducted at Petitioner's trial.

D. Ground four: See attached list for reamining grounds.

Supporting FACTS (state *briefly* without citing cases or law)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☒ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920, Cincinnati, Ohio 45202

(b) At arraignment and plea H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920, Cincinnati, Ohio 45202

AO 241 (Rev. 5/85)

(c) At trial H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920 Cincinnati, Ohio 45202

(d) At sentencing H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920 Cincinnati, Ohio 45202

(e) On appeal H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920 Cincinnati, Ohio 45202

(f) In any post-conviction proceeding H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920, Cincinnati, Ohio 45202

(g) On appeal from any adverse ruling in a post-conviction proceeding H. Louis Sirkin and Jennifer M. Kinsley, 105 West Fourth Street, Suite 920, Cincinnati, Ohio 45202

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Jennifer Kinsley (Ohio Bar #0071629)
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

11.11.2003
(date)

Thomas Condon
Signature of Petitioner

**ADDENDUM: Grounds for Petition**

**Ground Four**: Conviction was obtained pursuant to an unconstitutionally vague and overbroad statute

Facts Supporting Claim: Petitioner was convicted pursuant to Ohio's gross abuse of a corpse statute, which specifies that activities which offend community sensibilities can constitute a felony offense. The element of community sensibilities is undefined and therefore fails to provide sufficient notice as to what it prohibits.

**Ground Five**: Conviction was obtained in violation of right to trial by jury because the trial court improperly instructed the jury

Facts Supporting Claim: The trial court failed to properly instruct the jury on essential elements of the crime, on the concept of aiding and abetting, and on the terms "public office" and "public official."

**Ground Six**: Sentence imposed in violation of the Eighth Amendment cruel and unusual punishment clause

Facts Supporting Claim: Petitioner was originally sentenced to a 30 month term of imprisonment. That sentence was reduced by the Ohio Court of Appeals to 18 months. Any prison sentence at all is disproportionate and cruel and unusual in this case.

Tue Dec 16 15:26:50 2003

UNITED STATES DISTRICT COURT

COLUMBUS, OH

Receipt No. 200 239374
Cashier rew

Tender Type CHECK

Check Number: 23173

Transaction Type N

| DO Code | Div No | Acct |
|---|---|---|
| 4661 | 2 | 086900 |

Amount $ 5.00

HABEAS C2-03-1180

THOMAS CONDON VS JEFF WOLFE