UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS CONDON,

        Petitioner

    v.                                     C-1-03-897

JEFF WOLFE,

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254. The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 18) recommending that the Petition for Writ of Habeas Corpus be dismissed, and upon petitioner's objections thereto (doc. no. 19).

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that petitioner's convictions are supported by sufficient evidence, were fundamentally fair, comports with due process of law and are constitutionally

2

sound.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE HEREIN** his Report and Recommendation dated May 25, 2006. The Petition for Writ of Habeas Corpus is, therefore, **DENIED WITH PREJUDICE**

A certificate of appealability shall issue with respect to the claims alleged in Grounds One, Two, Four and Five of the petition, which were addressed on the merits, because petitioner has made a substantial showing that such grounds for relief state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to proceed further;" in contrast, because petitioner has not made such a showing with respect to the claims alleged in Grounds Three and Six of the petition, a certificate of appealability shall not issue with respect to the claims alleged in those remaining two grounds.[1] *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[1] Because this Court's adjudication of the claims alleged in the petition do not involve the denial or dismissal of such claims on procedural grounds, the two-part test enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), for determining whether or not to issue a certificate of appealability for procedurally defaulted claims, is inapplicable.

3

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANTS** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This case is hereby **DISMISSED AND TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                                       s/Herman J. Weber
                                  Herman J. Weber, Senior Judge
                                    United States District Court